ERIE R. CO. v. ROCHESTER–CORNING–ELMIRA TRACTION CO.

(Supreme Court, Special Term, Chemung County. July 12, 1907.)

1. APPEAL—STAY OF PROCEEDINGS—OPERATION OF APPEAL.

Under Code Civ. Proc. § 1310, providing that, where an appeal to the Court of Appeals shall be perfected, the appeal stays all proceedings to enforce the judgment or order appealed from, an appeal to the Court of Appeals from an order of the Appellate Division directing the Board of Railroad Commissioners to issue a certificate of public convenience and necessity, pursuant to Railroad Law, Laws 1892, p. 1395, c. 676, § 59, operates as a stay of all proceedings under that order, on service and filing of a notice of appeal and the giving of the undertaking required by section 1326.

2. INJUNCTION—GROUNDS OF RELIEF—IRREPARABLE INJURY.

Mere illegality of a certificate of public convenience and necessity, issued pursuant to Railroad Law, Laws 1892, p. 1395, c. 676, § 59, is insufficient to warrant injunctive relief; but it must appear that pursuant to the certificate defendant is about to do something or is threatening to do something harmful to plaintiff and injurious to its interests.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 9, 10–13.]

3. SAME.

The fact that plaintiff opposed the issuance of a certificate of public convenience and necessity, pursuant to Railroad Law, Laws 1892, p. 1395, c. 676, § 59, before the Board of Railroad Commissioners and on appeal from its decision, cannot be regarded as a substitute for the fact that plaintiff will be irreparably injured by threatened proceedings under the certificate, so as to entitle it to injunctive relief.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 14.]

Action by the Erie Railroad Company against the Rochester-Corning-Elmira Traction Company for injunction. Defendant's demurrer sustained, and complaint dismissed.

On or about the 22d day of August, 1906, the defendant presented to the Board of Railroad Commissioners of the state of New York its petition, alleging that it was a domestic street surface railroad corporation organized for the purpose of building and operating a street surface railroad from the city of Rochester, N. Y., to the city of Elmira, N. Y., and prayed for the issuance of a certificate of public convenience and necessity, pursuant to section 59 of the railroad law of the state of New York (Laws 1892, p. 1395, c. 676). The board appointed a time and place for a public hearing upon said application, and at the time and place appointed the plaintiff appeared and opposed the granting of the certificate. Thereafter, and on the 5th day of December, 1906, the said board decided that the application be denied and the certificate refused. Subsequently this order of the Board of Railroad Commissioners was reviewed by the Appellate Division of the Supreme Court in and for the Fourth Department, and on the 5th day of March, 1907, that court granted its order directing the Board of Railroad Commissioners to issue such certificate of public convenience and necessity. The plaintiff immediately appealed to the Court of Appeals from said order, giving the undertaking required by section 1326 of the Code of Civil Procedure, and due notice of the taking of the appeal and the giving of the undertaking, was served upon the Board of Railroad Commissioners on or about the 22d day of March, 1907. Afterwards and on the same day the Board of Railroad Commissioners met and granted the certificate of public convenience and necessity, pursuant to section 59 of the railroad law. Briefly these are the allegations, and all the allegations, contained in the complaint, excepting an allegation of a legal conclusion to the effect that the certificate was illegally issued.

Reynolds, Stanchfield & Collin, for plaintiff.
McIntire, Shattuck & Glenn, for defendant.

COMAN, J.   I have had no difficulty in reaching the conclusion that the plaintiff's appeal to the Court of Appeals from the order of the Appellate Division operated as a stay of all proceedings under that order.   It is true that the authorities upon this question are in a state of some confusion, but it seems to me that the language of the statute itself is too plain and explicit to justify an extended discussion.   Section 1310 of the Code of Civil Procedure. provides:

"Where an appeal to the General Term of any court or to the Appellate Division of the Supreme Court or to the Court of Appeals or otherwise has been heretofore or shall hereafter be perfected, as prescribed in this chapter, and the other acts if any required to be done to stay execution of the judgment or order appealed from have been done the appeal stays all proceedings to enforce the judgment or order appealed from."

A careful examination of the Code fails to disclose that any other act is required to be done in order to perfect the appeal or stay the execution of the order appealed from in this case, or of any similar order, except the service and filing of a notice of appeal and the giving of the undertaking required by section 1326.   Sections 1327–1331 provide for the giving of additional undertakings in certain cases, but none of these sections have any application to an order of this character.   To hold that the giving of the undertaking provided for by section 1326 did not operate to stay proceedings under the order appealed from would be to render utterly meaningless the language above quoted from section 1310.   As is stated in a standard text-book on·Procedure:

"Where a statute providing for appeals generally requires a general bond, and in specific instances certain designated bonds are required, and a general provision is made giving to the operation of an appeal, upon compliance with the provisions of the various sections of the statute, the effect of a supersedeas, an appeal in a case which does not come within the specific instances in which peculiar bonds are required operates as a supersedeas under the bond required for appeals generally."

But, in order to entitle itself to the injunctive relief asked for in this action, it seems to me that the plaintiff is bound to allege and establish something beyond the mere illegality of the certificate of convenience and necessity.   The mere issuance and delivery to the defendant of this certificate cannot operate harmfully upon the plaintiff.   It must be alleged and shown that, pursuant to that certificate, the defendant is about to do something or is threatening to do something harmful to the plaintiff and injurious to its interests.   Upon this point the complaint is wholly barren of allegations or suggestions.   There is no allegation that defendant is threatening to or about to construct a railroad.   There is no allegation that any line to be constructed will compete with the plaintiff or in any way injure or interfere with its business.   It is suggested that some inference favorable to the plaintiff upon this point is to be drawn from the fact that it had an interest and a standing in the proceeding before the state board and its review by the court; but I fail to see that any such significance is to be given to that fact.   Certainly it cannot be said that an allegation to

the effect that in a former proceeding a party has litigated the issuance of a certificate can be regarded as a substitute for an allegation that a party will be irreparably injured by threatened proceedings under that certificate. It seems to me, therefore, that, while the complaint may be construed as charging a technical or inconsequential wrong against the plaintiff, there is an entire failure to allege such an actual and substantial wrong or apprehended injury as has always been held necessary to entitle a party to the equitable relief asked for in this action.

The demurrer must therefore be sustained, and the complaint dismissed, with costs.